SCOFIELD, et al v. CITY OF INVERNESS, et al.

Circuit Court, Citrus County.

September 26, 1955.

M. C. Scofield, Inverness, and C. J. Hardee, Tampa, for plaintiffs.

Scofield & Bradshaw, Inverness, for defendants.

T. G. FUTCH, Circuit Judge.

This case came on to be heard on September 20, 1955 on defendants' motion to strike certain portions of plaintiffs' answer to the counterclaim interposed by the defendants, and was fully argued by counsel for both parties.

Plaintiffs defend their answer to the counterclaim mainly on the ground that it is a reiteration of allegations contained in their original bill of complaint—which this court refused to strike on defendants' motion directly to the bill.

While the original bill is styled a "bill for declaratory decree," it is in fact a bill for injunction against the city of Inverness, its officers and employees, to restrain the city from further interfering through its police department with the operation of plaintiffs' business, and the use and occupancy by plaintiffs of a portion of Main Street in the city.

The counterclaim to which the answer here under consideration is directed is a positive action on the part of the city to remove and abate what it alleges to be an unlawful obstruction in and upon a portion of the street.

There is quite a difference between plaintiffs' position under the original complaint and that which they occupy under the counterclaim.

Unquestionably the city cannot enforce or settle property rights by and through its police department. Under our system of juris-

prudence such matters can be settled only by action in the circuit court. The original bill reflects an alleged effort on the city's part to lift itself out of the situation by its own boot straps—the complaint to restrain such action by the city properly included the allegations found therein.

When, however, the city undertakes to pursue the appropriate remedy, matters of defense are quite different, and it follows that matters and things alleged in the original bill to support the cause of action there presented are not necessarily proper or available as defensive matters in such an action as that presented by the counterclaim interposed by the defendant in this case.

It is therefore ordered that the allegations of the answer to the counterclaim referred to and identified in items 1, 2, 4 and 6 of the motion to strike should be, and the same are stricken from the answer.

It further appearing to the court that no further answer on the part of the plaintiffs to the counterclaim is necessary to bring the counterclaim to issue, it is further ordered that no further time be allowed to plaintiffs for the purpose of amending the answer or answering further, and that the cause be considered at issue as to both the original complaint and counterclaim as of the date of the filing of this order in the office of the clerk of the circuit court, Citrus County.